1  **JOHN C. ELLIS, JR.**
   California State Bar No. 228083
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: john_ellis@fd.org

5  Attorneys for Saul Toribio-Villalobos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07CR2975-LAB |
| Plaintiff, ) | DATE: January 7, 2008 |
| ) | TIME: 2:00 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| SAUL TORIBIO-VILLALOBOS, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant. ) | DEFENDANT'S MOTIONS IN LIMINE |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based on materials received from the government. Mr. Toribio-Villalobos does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

Mr. Toribio-Villalobos was arrested on August 24, 2007. On October 31, 2007, the government filed a one count indictment charging a violation of 8 U.S.C. § 1326.

These motions follow.

///

///

///

## II.

## SUPPLEMENTAL MOTION TO PRODUCE GRAND JURY TRANSCRIPTS

During the November 26, 2007, motion hearing, this Court requested supplemental briefing on Mr. Toribio's motion to produce grand jury transcripts. Specifically, the request for further briefing regarded whether penalty enhancements must be presented to the grand jury.[1]

Penalty enhancements must be presented to the grand jury. In this case, the issue is whether the government presented an actual removal to the grand jury, and whether that date occurred subsequent to a date on which Mr. Toribio was convicted of a crime. In short, all facts that increase a statutory maximum sentence must be presented to the grand jury. In this case of 8 U.S.C. § 1326(b), that includes the date of deportation, because it is the date of deportation that controls for purposes of section 1326(b).

Under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Jones v. United States, 526 U.S. 227 (1999), facts that determine the maximum punishment must be established under constitutionally adequate procedures, which in federal court includes indictment by a grand jury. In Jones, the Supreme Court found: "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt." 526 U.S. at 243 fn. 6.

Title 8 U.S.C. § 1326(a) sets the maximum term of imprisonment at two years and one year of supervised release. Section 1326(b)(2) provides for enhanced penalties for an alien "whose **removal** was subsequent to an aggravated felony...." (Emphasis added). The term "removal" refers to "removal proceedings," not physical removal. See United States v. Lopez-Gonzalez, 183 F.3d 933, 934 (9th Cir. 1999) (citing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ["IIRIRA"]). In IRRIRA, Congress eliminated the previous legal distinction between deportation and exclusion proceedings and merged them into one unified procedure. Id. At the same time, Congress amended the nomenclature in section 1326(b)(2) to reflect the term "removal" not "deportation." Thus, as used in section 1326(b), the term removal refers to removal proceedings. In other words, a "removal" has the following elements: "(1) that a

---

[1] Nothing in these motions should be construed as abandoning a previously filed motion.

deportation proceeding occurred as to [the] defendant and as a result, [(2)] a warrant of deportation was issued and [(3)] executed by the removal of the defendant from the United States." See United States v. Castillo-Basa, 483 F.3d 890 (9th Cir. 2007) (citing, without contesting, the elements of a removal provided by the district court.)

In reviewing the increased sentences permitted under 8 U.S.C. § 1326, the Ninth Circuit held in Covian-Sandoval:

> [T]he plain language of § 1326 clearly does not allow a district court to apply the heightened maximum sentence to an alien whose removal was prior to a felony conviction, rather than "subsequent" to it. 8 U.S.C. § 1326(b)(2). In other words, to trigger the increase in the statutory maximum sentence under § 1326(b)(2), an alien must first be convicted of an aggravated felony, then be removed, and then attempt to reenter, in that order.

462 F.3d at 1097. Thus, the only basis to increase the statutory maximum to twenty years in custody and three years supervised release is the date of the removal.

The date of the removal is "plainly one of the elements" of the offense because it is the date of the removal that triggers the enhanced penalties of section 1326(b). In Covian-Sandoval, the defendant plead guilty to the charge of illegal re-entry. During the plea colloquy, Covian-Sandoval admitted to a date of deportation--May 28, 1997. 462 F.3d at 1092. In 2002, Covian-Sandoval was convicted of a felony. At the sentencing hearing, the district court made a factual finding that Mr. Covian-Sandoval was removed in 2004. Id. at 1098. Relying on the alleged 2004 removal, the district court found that Mr. Covian-Sandoval was removed subsequent to a conviction, and enhanced his sentence under section 1326(b)(2). Id.

On appeal, the Court concluded that "[i]t is clear that the sentencing court's reliance on the 2004 removal was error under Apprendi and that this error was plain. The fact of a prior conviction is the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court." 462 F.3d at 1097 (citations omitted; emphasis in original). In addressing the rationale of the "prior conviction" exception, the Court explained, "[t]he premise for this exception is that prior convictions are 'the product of proceedings that afford crucial [constitutional] procedural protections--particularly the right to a jury trial and proof beyond a reasonable doubt.'" Id. (citing United States v. Tighe, 266 F.3d 1187, 1194 (9th Cir. 2001) (concluding that the underlying rationale for the prior conviction exception is that the prior conviction was based on the procedural protections of "fair notice, reasonable doubt and the right to a jury trial.")). Based

on that premise, the Court found "the exception is 'limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt.'" Id. (citing Tighe, 266 F.3d at 1194)[2].

The Court in Covian explained that what took this case out of the Almendarez-Torres "prior conviction exception" is that "the sentencing court did not merely find the fact of a prior conviction. Instead, it found the existence of a subsequent removal that was neither [alleged in the indictment] proven beyond a reasonable doubt at trial nor admitted by Covian." Id. Unlike the proceedings on the prior convictions, the subsequent removal proceedings do not provide the constitutional procedural protections. See Ngongo v. Ashcroft, 397 F.3d 821, 823 (9th Cir. 2005). "A deportation hearing provides merely a streamlined determination of an alien's eligibility to remain in the United States [and the] judiciary determines only whether the procedures afforded satisfy the minimum requirements of due process." El Rescate Legal Services, Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 751 (9th Cir. 1991) (citations omitted). Thus, deportation proceedings do not provide for indictment by a grand jury or proof beyond a reasonable doubt in a jury trial.

Indeed, in order to be sufficient an indictment must include implied elements not present in the statutory language. See United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). "If an element is necessary to convict, it is also necessary to indict, because elements of a crime do not change as criminal

---

[2] The Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005) also makes clear that the prior conviction exception applies to the fact of conviction and no other fact. Indeed, Shepard dictates that even a judicial finding of "a fact about a prior conviction," Shepard, 544 U.S. at 24, violated the Sixth Amendment. See United States v. Washington, 404 F.3d 834, 838-39 (4th Cir. 2005) ("in Shepard the Court recently instructed that Sixth Amendment protections apply to 'a disputed fact . . . *about* a prior conviction.'") (emphasis in original) (quoting Shepard, 544 U.S. at 25); see also United States v. Kortgaard, 425 F.3d 602 (9th Cir. 2005) (holding that the "mere fact that the sentencing judge considered prior convictions in departing upward does not bring this case within the exception for the 'fact of a prior conviction.'"). In United States v. Brown, the Court indicated that the "[t]he Supreme Court [. . .] signaled that Sixth Amendment concerns are implicated when courts stray from the Taylor approach and make findings of fact *about* the prior conviction by referring to sources outside the formal record of conviction." 417 F.3d 1077, 1080 n. 4 (emphasis in original) (9th Cir. 2005). Brown goes on to say the plurality in Shepard held that such factual findings "would raise 'serious risks of unconstitutionality.'" Id. (quoting Shepard, 125 S. Ct. at 1262-63). If the Sixth Amendment prohibits a judge from making a finding regarding "a fact *about* a prior conviction" and prohibits courts from "referring to sources outside the formal record of conviction" it follows that a judge cannot make a finding regarding the relationship between a prior conviction and a separate administrative deportation proceeding.

1  proceedings progress." United States v. Hill, 279 F.3d 731, 741 (9th Cir. 2002). An indictment's failure to
2  "recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw
3  requiring dismissal of the indictment." Du Bo, 186 F.3d at 1179.
4      Thus, because the date of the deportation is the linchpin for the enhancement provisions of section
5  1326(b), the date of the deportation must be presented to the grand jury. There is no indication from the
6  indictment that the grand jury was presented with the date the alleged deportation took place, or even if they
7  were charged with the elements of a deportation. Accordingly, this Court should grant Mr. Toribio's motion
8  to produce grand jury transcripts.

### III.
### CONCLUSION

For the reasons stated above, Mr. Toribio moves this Court to grant his motion.

Respectfully submitted,

DATED:   December 31, 2007          */s/ John C. Ellis, Jr.*
                                    **JOHN C. ELLIS, JR.**
                                    Federal Defenders of San Diego, Inc.
                                    Attorneys for Saul Toribio-Villalobos